IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES R. WALL, VICKIE L. WALL and JAMES W. BAGBY, individually and on behalf of themselves and as Representatives of a Class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEBT RELIEF GROUP, LLC, THE PALMER FIRM, P.C., THE SEIDEMAN LAW FIRM, P.C., EPIC FINANCIAL MANAGEMENT, INC., ROBERT ANCEL PALMER, III, SCOTT R. SEIDEMAN, GREGORY M. FITZGERALD and KEITH J. WARING,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION SA09CA0637<br><br><br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFFS' FIRST AMENDED ORIGINAL CLASS ACTION COMPLAINT

TO THE COURT:

COME NOW Plaintiffs JAMES R. WALL, VICKIE L. WALL and JAMES W. BAGBY, individually and on behalf of themselves, and as Representatives of a Class of all others similarly situated, and pursuant to Fed. R. Civ. P. 15(a), file this First Amended Original Class Action Complaint, complaining of Defendants DEBT RELIEF GROUP, LLC ("DRG"), THE PALMER FIRM, P.C ("PALMER FIRM"), THE SEIDEMAN LAW FIRM, P.C. ("TSLF FIRM"), EPIC FINANCIAL MANAGEMENT, INC. ("EPIC"), ROBERT ANCEL PALMER, III ("PALMER"), SCOTT R. SEIDEMAN ("SEIDEMAN"), GREGORY M. FITZGERALD ("FITZGERALD") and KEITH J. WARING ("WARING") (collectively, the Defendants), as follows:

## SUMMARY OF THE CASE

1.      This lawsuit is brought in the State of Texas because of Defendants' contractual choice of law clause stating "[t]his agreement shall be deemed to have been made in and will be governed by and construed under the laws of the State of Texas."

2.      This is a class action lawsuit brought under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332.  The Plaintiffs, the debtor customers of the Defendants, seek to represent a class of debtors that have purchased Texas regulated debt management services from the Defendants.

3.      Plaintiffs allege that this case involves an elaborate conspiracy by the Defendants to evade Texas and other state laws that regulate:

    (1)      Consumer Debt Management Services;

    (2)      Attorney Client Solicitation; and

    (3)      Attorney Advertising.

4.      Plaintiffs allege that the services sold by the Defendants are regulated under the Texas Finance Code, Chapter 394, Subchapter C, <u>Consumer Debt Management Services.</u>  (*See* Texas Finance Code, Chapter 394, Exhibit 1 attached and referenced herein.)

5.      Plaintiffs allege that the Defendants operate an elaborate nationwide scheme promoted by television and internet advertising to defraud debtors that are drowning in credit card and unsecured debt.  By masquerading as attorney referral services, unregulated debt negotiators and exempt attorneys, the Defendants collaborate to evade strict state consumer protection regulations enacted to protect unknowing debtors.

6.      Plaintiffs allege that the Defendants have violated provisions of Chapter 394, Subchapter C, and that the DRG and PALMER FIRM contracts with Plaintiffs and other similarly situated debtor clients are void under Section 394.215 (a) of the Texas Finance Code.

7.      Plaintiffs allege that the arbitration provision in the voided contracts is a nullity and that Texas law and the jurisdiction of this court apply.

8.      Further, the mandatory arbitration provision in the voided contracts is in violation of Texas Finance Code, Section 394.209 (c), which only permits voluntary consumer arbitration or mediation.

9.      And, Plaintiffs allege that the DRG and PALMER FIRM illegal scheme is furthered by the conspiracy of Texas attorneys, ROBERT ANCEL PALMER, III, sole officer of the PALMER FIRM. P.C., Scott R. Seideman, sole officer of THE SEIDEMAN LAW FIRM, P.C., California attorney GREGORY M. FITZGERALD, a partner of the PALMER and TSLF FIRMs, and KEITH J. WARING, the owner and manager of DRG and EPIC.

10.     Finally, Plaintiffs assert claims individually and on behalf of other similarly situated debtor clients of the Defendants under Section 394.215 of the Texas Finance Code for recovery of all fees paid, reasonable attorney's fees, actual damages, and punitive damages for illegal acts or practices under a void agreement.

## PARTIES

11.     Plaintiff JAMES R. WALL is a citizen of San Antonio, Texas.

12.     Plaintiff VICKIE L. WALL is a citizen of San Antonio, Texas.

13.     Plaintiff JAMES W. BAGBY is a citizen of San Antonio, Texas.

14.     Defendant DEBT RELIEF GROUP, LLC is a Nevada corporation licensed to do business in California with its principal office located at 2040 Main Street, Suite 700, Irvine, CA 92614. This Defendant may be served with process by serving its California registered agent Craig Zimmerman, 23052-H Alicia Parkway, #104, Mission Viejo, CA 92692.

15.     Defendant THE PALMER FIRM, P.C. is a Texas Professional Corporation, registered to do business in California, with its California office located at 2040 Main Street,

Suite 700, Irvine, CA 92614 (Mailing address P. O. Box 1600, Rancho Cucamonga, CA 91729-1600). THE PALMER FIRM, P.C. maintains its principal office at 900 North Zang Blvd., Dallas, TX 75208. This Defendant may be served with process by serving its California registered agent Gregory M. Fitzgerald at 7945 E. Cartilla St., Ste B, Rancho Cucamonga, CA 91730 and its Texas registered agent Robert Palmer at 900 North Zang Blvd., Dallas, TX 75208.

16.     Defendant THE SEIDEMAN LAW FIRM, P.C. is a Texas Professional Corporation, registered to do business in California, with its California office located at P. O. Box 1800, Rancho Cucamonga, CA 91729-1800. THE SEIDEMAN LAW FIRM, P.C. maintains its principal office at 701 Commerce Street, Suite 400, Dallas, Texas 75202. This Defendant may be served with process by serving its registered agent Scott R. Seideman, 400 Katy Building, 701 Commerce Street, Dallas, TX 75202 with a copy to its California registered agent, CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

17.     Defendant EPIC FINANCIAL MANAGEMENT, INC. is a California corporation with its principal office located at 2040 Main Street, Suite 700, Irvine, CA 92614. This Defendant may be served with process by serving its registered agent Keith J. Waring, 2040 Main Street, Suite 700, Irvine, CA 92614 with a copy to 9226 Residencia, Newport Beach, CA 92660.

18.     Defendant ROBERT ANCEL PALMER, III, an individual and citizen of the State of Texas, may be served at 900 North Zang Blvd., Dallas, TX 75208. PALMER is the sole officer of the PALMER FIRM and is licensed to practice law in the State of Texas. According to the State Bar of California, PALMER is not licensed to practice law in California.

19.     Defendant SCOTT R. SEIDEMAN, an individual and citizen of the State of Texas, may be served at 701 Commerce Street, Suite 400, Dallas, TX 75202. SEIDEMAN is the sole officer and director of THE SEIDEMAN LAW FIRM, P.C. and is licensed to practice law

in the State of Texas. According to the State Bar of California, SEIDEMAN is not licensed to practice law in California.

20. Defendant GREGORY M. FITZGERALD, an individual and citizen of the State of California, may be served with process at 11690 Pacific Avenue, Suite 110, Fontana, California with a copy to P.O. Box 1600, Rancho Cucamonga, CA 91729-1600.

21. Defendant KEITH J. WARING, an individual and citizen of the State of California, may be served with process at 2040 Main Street, Suite 700, Irvine, CA 92614 with a copy to 9226 Residencia, Newport Beach, CA 92660.

JURISDICTION, VENUE, AND CHOICE OF LAW

22. This court has original jurisdiction over the lawsuit because the action arises under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332. Upon information and belief, the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action involving 100 or more potential class members in which any member of the class of Plaintiffs is a citizen of a state different from any defendant.

23. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and in the State of Texas.

24. The PALMER FIRM attempts to stipulate in its Legal Service Agreement that any controversy, claim or dispute between the parties, including the termination of the scope or applicability to arbitrate, shall be determined by arbitration. The DRG agreement is silent as to arbitration.

25. As plead herein, under Texas law, Defendants DRG and the PALMER FIRM agreements with the Plaintiffs and putative class members are void in their entirety including any arbitration provisions.

5

26. Texas Finance Code § 394.202 (6) defines Debt Management Services to mean:

(A) the receiving of money from a consumer for the purpose of distributing that money to or among one or more of the creditors of the consumer in full or partial payment of the consumers obligations;

(B) arranging or assisting a consumer to arrange for the distribution of one or more payments to or among one or more creditors of the consumer in full or partial payment of the consumer's obligations;

(C) exercising control, directly or indirectly, or arranging for the exercise of control over funds of a consumer for purpose of distributing payments to or among one or more creditors of the consumer in full or partial payment of the consumer's obligations.

27. The contractual services provided by the Defendants fall squarely within the Texas Finance Code § 394.202(6) definition of Debt Management Services.

28. Under the Texas Finance Code § 394.215 (a), an agreement for Debt Management Services between a consumer and a "person", such as DRG and the PALMER FIRM, that is not registered with the Texas Consumer Credit Commissioner is void.

29. According to the records of the Texas Consumer Credit Commissioner, none of the Defendants have made application to be a Debt Management Services Provider, been approved, paid the required fees, posted the surety bond, provided the commissioner with the names and home addresses of each officer and director, or maintained the required records needed to be in compliance with the Commission's rules.

30. The Defendants have violated Texas law and the contracts with the Plaintiffs and putative class members are void as a matter of law under Texas Finance Code § 394.215 (a).

31. Further, the mandatory arbitration provision in the PALMER FIRM's voided contract is in violation of Texas Finance Code, Section 394.209 (c), which only permits a voluntary consumer arbitration or mediation provision.

32. Despite the PALMER FIRM's contractual attempts to have the Plaintiffs subject to arbitration to redress wrongs that the Defendants have committed in Texas, the Plaintiffs and

the similarly situated putative class members are entitled to the jurisdiction of this court, venue in this district, and for the court to apply Texas law. The PALMER FIRM's contracts are void including the arbitration provision.

FACTUAL ALLEGATIONS

33.     Attorneys ROBERT PALMER and GREGORY M. FITZGERALD hold themselves out as the principal attorneys of the THE PALMER FIRM, P.C. located at 2040 Main Street, Suite 700, Irvine, CA 92614 using mail addresses of P. O. Box 1600 and 1700, Rancho Cucamonga, California. THE PALMER FIRM, P.C. is a Texas corporation registered to do business in the state of California. *See* Exhibits 8, 12, 13, 14 and 17.

34.     ROBERT ANCEL PALMER, III, is licensed to practice law in the state of Texas and is the sole officer and registered agent of THE PALMER FIRM, P.C. located at 900 North Zang, Dallas, Texas. *See* Exhibit 18.

35.     GREGORY M. FITZGERALD is licensed to practice law in the state of California, is an attorney and registered agent for the foreign PALMER FIRM operating in California, and is an attorney with THE SEIDEMAN LAW FIRM, P.C. in California located at the last address reported to the California State Bar Association of 11690 Pacific Avenue, Suite 110, Fontana, California. *See* Exhibit 12.

36.     The SEIDEMAN LAW FIRM, P.C. is a Texas corporation with its principal office at 701 Commerce St., Suite 400, Dallas, Texas and is registered to do business in California. This firm does business at a number of addresses in California: P. O. Box 1800, Rancho Cucamonga, CA 91729-1800, 11690 Pacific Avenue, Suite 110, Fontana, CA 92337, 7945 E. Cartilla St., Ste B, Rancho Cucamonga, CA 91730 and 2040 Main Street, Suite 700, Irvine, CA 92614. *See* Exhibit 10 and 11.

7

37.     DEBT RELIEF GROUP, LLC, and EPIC FINANCIAL MANAGEMENT, INC. operate their debt management services activities under the ownership and management of KEITH WARING at 2040 Main Street, Suite 700, Irvine, CA 92614 and P. O. Box 1600, Rancho Cucamonga, CA 91729-1600 where they solicit and process the clients of the PALMER FIRM.  *See* Exhibits 8, 19 and 20.

38.     As early as December 1995, SCOTT R. SEIDMAN and the SEIDEMAN FIRM conceived, developed and copyrighted the debt management services scheme used by DRG, the PALMER FIRM, attorneys ROBERT PALMER and GREGORY FITZGERALD, and EPIC and KEITH WARING debtor clients nationwide.  *See* Seideman Firm copyrighted forms attached bearing the © TSLF Rev. {date} footnote:

> a.     Debt Relief Group Client Agreement © TSLF Rev.12/05.  *See* Exhibit 2.
>
> b.     Palmer Legal Service Agreement © TSLF Rev.12/05. *See* Exhibit 3.
>
> c.     Client Debit Authorization Form © TSLF Rev.12/05.  *See* Exhibit 4.
>
> d.     Client Data Form © TSLF Rev.12/05.  *See* Exhibit 5.
>
> e.     Client Debit Authorization Form © TSLF Rev.12/05.  *See* Exhibit 6.
>
> f.     Client Transmittal Page © TSLF Rev.12/05.  *See* Exhibit 7.
>
> g.     Palmer transmittal letter to client © TSLF Rev.12/05.  *See* Exhibit 8.
>
> h.     Palmer Telephone Response Cards © TSLF Rev. 8/06.  *See* Exhibit 9.

39.     Beginning in or before January 2005 up until August 2006, the SEIDEMAN FIRM conducted debt settlement website advertising bearing its Dallas, Texas office address. *See* Exhibit 10.  On or about August 15, 2006, the firm changed its debt settlement website marketing address to P. O. Box 1800, Rancho Cucamonga, CA. *See* Exhibit 11. On August 29, 2007, GREGORY FITZGERALD, a lawyer with the SEIDEMAN FIRM, filed the PALMER FIRM foreign corporation registration in California and became the registered agent.  *See* Exhibit

12. Conveniently, the PALMER FIRM solicited, marketed and serviced clients from the same U. S. Post Office location using P.O. Boxes 1600 and 1700. *See* Exhibits 13 and 14.

40. Plaintiffs allege that as early as or before the PALMER FIRM commenced its California operations, the firm used the copyrighted SEIDEMAN FIRM debt settlement management forms for client solicitation, marketing and debt settlement. *See* Exhibits 2 through 9.

41. Plaintiffs allege that the DRG Client Agreement is an attorney solicitation fiction developed and copyrighted by the SEIDEMAN FIRM to give potential debtor clients the false impression of services to be provided and the aura of legitimacy. The agreement bears no DRG contact information or acceptance signature. The only personal identity and address provided to the debtor is the counselor name that appears on the client data form, client transmittal page and the welcome letter from the PALMER FIRM showing the Irvine, California office location at 2040 Main Street, Suite 700. *See* Exhibits 2, 5, 7 and 8.

42. Plaintiffs allege that EPIC FINANCIAL MANAGEMENT, operating under the DRG veil, and KEITH WARING functioned as the solicitation and intake processor for the debtors that were referred to the PALMER FIRM for debt settlement from the same Irvine, California office location at 2040 Main Street, Suite 700. *See* Exhibit 19.

43. Plaintiffs responded to Defendants television and internet advertisements for Credit Counseling and Debt Consolidation and promises to negotiate credit card and other non-secured balances, stop creditor harassment, design an affordable monthly budget and protect debtors rights throughout the entire process. The solicitation advertisements were conducted by DRG on their www.debtreliefgroup.com website containing the 1-877-687-0799 toll free number and "Get Debt Relief Now" email response form. The website domain was established on August 30, 2005 as a private registration with Irvine, California as the IP location of the site. This was

concurrent with the time frame in which TSLF developed and copyrighted the forms used by DRG and the PALMER FIRM. *See* www.debtreliefgroup.com website, Exhibit 15, and Domain Registration Data, Exhibit 16. *Also see* Exhibits 2 through 9, the TSLF copyrighted forms.

44.    Plaintiffs called the 800 number and the Defendants responded with materials to complete the DRG and PALMER FIRM agreements and send money. Plaintiffs signed the agreements and made the required payments sending them to the DRG/EPIC/PALMER FIRM office at 2040 Main Street, Suite 700, Irvine, CA 92614. *See* Exhibit 8. Defendants never disclosed that their agreements were in violation of the Texas Finance Code, the law of the state they purport to rely upon to resolve any disputes related to the services that they provide. *See* Exhibit 1.

45.    Plaintiffs allege that the DRG fiction was developed by TSLF to elude strict attorney advertising and solicitation restrictions. *See* TSLF copyright on DRG Agreement, Exhibit 2. The DRG agreement provides "[i] hereby engage the professional services of DRG to provide a third party review of my financial situation and guidance for a debt referral." *Id.* DRG served as the "front" to provide the debtor client referral source to the PALMER FIRM for debt management services disguised as legitimate legal services. *See* Exhibit 8.

46.    On investigation, according to the records of the State Bar of Texas, neither the PALMER FIRM nor TSLF have made application for advertising approval to establish and maintain the www.debtreliefgroup.com website soliciting clients for the PALMER FIRM. Nor, has either law firm disclosed to the State Bar Advertising Committee or on the website that the two lawyers were collaborating in the advertising, that their firms were maintaining offices in California from which the legal services were performed and that they were principals in the Debt Relief Group lawyer referral service. *See* Exhibits 15 and 16.

47.     Plaintiffs allege that the purpose of the Texas choice of law provision in the PALMER FIRM Legal Service Agreement was an attempt to hide behind the exclusion in Texas Finance Code, § 394.203(c)(1), which appears to exempt an attorney licensed to practice law in Texas from complying with the Code.  However, the attempt to hide behind the exemption fails because it does not apply to an attorney that holds the attorney's self out to the public as a provider of debt management services, which the PALMER FIRM does.  *See* Exhibits 1, 8, 15, 16, and 17.

48.     The SEIDEMAN FIRM clearly holds itself out as a provider of debt management services.  As early as January 27, 2005, their webpage advertising stated "[t]he Seidman Law Firm, P.C. is the nation's premier debt settlement firm. Our firm has, for many years, led the country in settling debts for consumers and small businesses.  Since our founding, we have represented thousands of clients, and saved them literally tens of millions of dollars." "E-Mail: debtsettlement@seidlaw.com."  *Emphasis* added.  *See* Exhibit 10.

49.     The uniform Legal Service Agreement provides for monthly payments to the PALMER FIRM to cover an up-front retainer fee of 8% of all the client debts referred for settlement before any settlement might be completed.  The PALMER FIRM gets paid first, then the creditors are negotiated.  When a settlement is negotiated and completed, the PALMER FIRM collects an additional 33% of the difference between the submitted debt amount and the final settlement amount.  As explained in paragraphs E. 1 and 2 of the PALMER FIRM agreement, if a $1000 debt is settled for $500, the settlement charges would be 33% of the $500 savings or 166.65 plus the amount already collected as a retainer of 8% of the $1000 or $80.  This amounts to $246.65 or 24.7% of the original debt or 49% of the final settlement amount.  In addition, the client is charged a monthly maintenance fee of $55 plus other fees.  *See* Exhibit 3.

50.     The Texas Finance Code, Section 394.210 (c) provides that a fee related to a debt management plan service may not be charged until the provider has registered and complied with Sections 394.208 (a) and (b) and 394.209.  *See* Exhibit 1.

51.     The records of the Texas Consumer Credit Commissioner do not indicate registration of any of the Defendants or compliance with the Code.

52.      Therefore, the Defendants fees and charges are illegal.

53.     Plaintiffs are entitled to and asserts claims individually and on behalf of other similarly situated DRG and PALMER FIRM debtor clients against all Defendants under Section 394.215 of the Texas Finance Code for recovery of all fees paid, reasonable attorney's fees, actual damages, punitive damages for acts or practices under a void agreement, and cost of the action, including reasonable attorneys' fees.

CLASS ACTION ALLEGATIONS

54.     Under Federal Rule of Civil Procedure 23, Plaintiffs JAMES R. WALL, VICKIE L. WALL and JAMES W. BAGBY bring this action against the Defendants on behalf of themselves and all others similarly situated.  The class that the named Plaintiffs seek to represent is composed of all consumers in the United States that are now or have been, at any time since December 1, 2005, debtors that have executed a DRG Client Agreement and a PALMER FIRM Legal Services Agreement "for the purpose of negotiating to settle certain debts with those of Client's unsecured creditors that Client elects to include in [the] engagement, ('referred accounts')."

55.     Upon information and belief, Plaintiffs allege that the Plaintiff Class is so numerous that joinder of all members would be impracticable.  The exact size of the putative class, and the identity of the members of the class, is expected to be ascertainable from the records of the Defendants.

12

56.     Questions of law and fact common to the Plaintiffs Class exist that predominate over questions affecting only individual members, including, *inter alia*, the following:

57.     Whether the acts of the Defendants violated the Texas Finance Code, Chapter 394, Subchapter C and as a result the contracts with the Plaintiffs are void entitling the Plaintiffs to recover all fees paid, costs, and reasonable attorney's fees;

58.     Whether the acts of the Defendants violated the Texas Finance Code, Chapter 394, Subchapter C, that the acts were unfair, unconscionable and deceptive, entitling the Plaintiffs to actual damages, punitive damages, costs, and reasonable attorney's fees; and,

59.     Whether Plaintiffs and the other members of the putative class suffered damages by reason of the unlawful, unfair and/or fraudulent conduct of Defendants, and the class-wide measure of damages.

60.     The claims asserted by Plaintiffs in this action are typical of the claims of the members of the putative class as described above, the claims arise from the same course of conduct by the Defendants, and the relief sought is common.

61.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Plaintiffs Class.  Plaintiffs have retained counsel competent and experienced in both consumer protection and class action litigation.

62.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, because the economic damages suffered by the individual class members may be relatively modest, albeit significant compared to the expense and burden of individual litigation, it would be impracticable for members of the Putative class to seek redress individually for the wrongful conduct alleged herein.  There will be no undue difficulty in the management of this litigation as a class action.

## COUNT 1
### PARTICIPATORY LIABILITY – CONSPIRACY

63.     The PALMER FIRM and ROBERT ANCEL PALMER, III, in combination with coconspirators SCOTT R. SEIDEMAN, GREGORY M. FITZGERALD, KEITH J. WARING, DEBT RELIEF GROUP, LLC, THE SEIDEMAN LAW FIRM, P.C., and EPIC FINANCIAL MANAGEMENT, INC agreed to devise and operate an elaborate nationwide scheme promoted by television and internet advertising to defraud debtors that are drowning in credit card and unsecured debt.  By masquerading as attorney referral services, unregulated debt negotiators and exempt attorneys, the Defendants collaborated to evade strict state consumer protection regulations enacted to protect unknowing debtors.  The acts committed were illegal.

64.     The Defendants knew that the agreed acts would result in harm to the plaintiffs, namely, the extraction of illegal fees.  The Defendants acts were the result of a "meeting of the minds."

65.     To accomplish the object of their agreement, SCOTT R. SEIDEMAN and THE SEIDEMAN LAW FIRM, P.C. devised the conceptual plan and the documents needed to carry out the scheme.  *See* Exhibits 2 through 9, the copyrighted documents prepared by the SEIDMAN FIRM and used by the conspirators to carry out their unlawful, overt acts.

66.     To further the object of their agreement, KEITH J. WARING and his DEBT RELIEF GROUP, LLC and EPIC FINANCIAL MANAGEMENT, INC. entities provided the marketing efforts, shield for unethical attorney solicitation and advertising and debtor client referrals to the PALMER FIRM.

67.     The operational object of their agreement was carried out by ROBERT ANCEL PALMER, III and GREGORY M. FITZGERALD, the lawyers and THE PALMER FIRM, P.C., who collected money from the clients, paid themselves their fees, negotiated with the creditors

and paid creditors.  The PALMER FIRM made creditor payments from its Dallas, Texas office. *See* Exhibit 18.

68.     The agreement to charge illegal fees for debt management services proximately caused injury to the Plaintiffs and members of the Plaintiff class for which the Defendants are jointly and severally libel as claimed in Count II.

**COUNT II**
**DEBT MANAGEMENT SERVICES ACT CLAIMS**

69.     The Plaintiffs, individually and on behalf of the Plaintiffs Class assert claims under the Texas Finance Code, Chapter 394, Subchapter C, the Debt Management Services Act, as follows:

70.     Defendants are debt management service providers because they received money from consumers for the purpose of distributing that money among one or more of the creditors of the consumers in full or partial payment of the consumers' debt obligations and exercised control over funds of the consumers for the purpose of distributing payments among the consumers' creditors as defined in Texas Finance Code Section 394.202(6) and (10).

71.     Plaintiffs and putative class members are consumers under the act because they have entered into debt management services agreements with as defined in § 394.202 (4).

72.     Defendants have not registered with the Texas Consumer Credit Commissioner, not paid the requisite state registration fees, not been approved as providers, not posted the required surety bond, not provided the commissioner with the names and home addresses of each officer and director nor maintained the required records needed to be in compliance with the Commission's rules.   The Defendants acts were all in violation of § 394.204, *et seq.*

73.     Defendants contracts with the Plaintiffs are <u>void</u>.   Under § 394.215(a), an agreement between a consumer and a person that has not registered with the commissioner is <u>void</u>.

74.     Under § 394.215(b) Plaintiffs and putative class members are entitled to and seek all fees paid and reasonable attorney's fees from Defendants for their acts, practices and violations under their void agreements.

75.     Further, under § 394.215(c), Plaintiffs and putative class members seek actual damages, punitive damages, cost of the action and reasonable attorney's fees from the Defendants, jointly and severally, for their violations under Subchapter C, any rule adopted by the Finance Commission, or by any unfair, unconscionable, or deceptive act or practice under their void agreements.

## DEMAND FOR JURY TRIAL

76.     Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.  The jury fee is paid with the filing of this complaint.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and on behalf of the Plaintiffs Class pray that judgment be entered against Defendants DEBT RELIEF GROUP, LLC, THE PALMER FIRM, P.C, THE SEIDEMAN LAW FIRM, P.C., EPIC FINANCIAL MANAGEMENT, INC., ROBERT ANCEL PALMER, III,  SCOTT R. SEIDEMAN, GREGORY M. FITZGERALD, and KEITH J. WARING, jointly and severally, for actual damages, treble damages, statutory damages and penalties, reasonable and necessary attorneys fees, prejudgment and post-judgment interest at the maximum rate allowed by law, costs of court, and all other relief at law or in equity, to which Plaintiffs and the Plaintiff Class may be justly entitled.

Respectfully submitted,

CHARLES E. AMES, P.C.
2712 Timberleaf Drive
Carrollton, TX 75006-2103
Tel. 214-390-8111
Fax 214-390-8112
Charles@CharlesAmes.com

By: /s/ Charles E. Ames
CHARLES E. AMES
State Bar No. 00795221

ATTORNEY IN CHARGE
FOR THE PLAINTIFFS AND
THE PUTATIVE PLAINTIFF CLASS

and

THOMAS A. CROSLEY
State Bar No. 00783902
THE CROSLEY LAW FIRM, P.C.
McCombs Plaza, Suite 250
755 E. Mulberry
San Antonio, Texas 78212
Tel. 210-354-4500
Fax. 210-354-4034
Tom@CrosleyLawFirm.Com

ATTORNEY FOR THE PLAINTIFFS
AND THE PUTATIVE PLAINTIFF CLASS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon

the following Defendant parties by certified mail pursuant to the Federal Rules of Civil

Procedure on the 17th day of August, 2009.

DEBT RELIEF GROUP, LLC          **(CM/RRR# 7006 2150 0000 4684 8674)**
Craig Zimmerman, Registered Agent
23052-H Alicia Parkway, #104
Mission Viejo, CA 92692

THE PALMER FIRM, P.C.          **CM/RRR# 7006 2150 0000 4684 8681)**
Robert Palmer, Registered Agent
900 North Zang Blvd.
Dallas, TX 75208

THE PALMER FIRM, P.C.          **(CM/RRR# 7006 2150 0000 4684 8698)**
Gregory M. Fitzgerald, Registered Agent
7945 E. Cartilla St., Ste B
Rancho Cucamonga, CA 91730

THE SEIDEMAN LAW FIRM, P.C. **(CM/RRR# 7006 2150 0000 4684 8704)**
Scott R. Seideman, Registered Agent
400 Katy Building
701 Commerce Street
Dallas, TX 75202

THE SEIDEMAN LAW FIRM, P.C. **(CM/RRR# 7006 2150 0000 4684 8711)**
CT Corporation System, Registered Agent
818 West Seventh Street
Los Angeles, CA 90017.

EPIC FINANCIAL MANAGEMENT, INC.
Keith J. Waring, Registered Agent    **(CM/RRR# 7006 2150 0000 4684 8728)**
2040 Main Street, Suite 700
Irvine, CA 92614

EPIC FINANCIAL MANAGEMENT, INC.
Keith J. Waring, Registered Agent    **(CM/RRR# 7006 2150 0000 4684 8735)**
9226 Residencia
Newport Beach, CA 92660

ROBERT ANCEL PALMER, III       **(CM/RRR# 7006 2150 0000 4684 8742)**
900 North Zang Blvd.
Dallas, TX 75208

SCOTT R. SEIDEMAN               **(CM/RRR# 7006 2150 0000 4684 8759)**
701 Commerce Street, Suite 400
Dallas, TX 75202

GREGORY M. FITZGERALD          **(CM/RRR# 7006 2150 0000 4684 8766)**
11690 Pacific Avenue, Suite 110
Fontana, CA 92337

KEITH J. WARING                 **(CM/RRR# 7006 2150 0000 4684 8773)**
2040 Main Street, Suite 700
Irvine, CA 92614

KEITH J. WARING            **(CM/RRR# 7006 2150 0000 4684 8780)**
9226 Residencia
Newport Beach, CA 92660


/s/__Thomas A. Crosley_____
THOMAS A. CROSLEY